IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA,
ORLANDO DIVISION

| | | |
|---|---|---|
| TIM FOOTE, | § | |
| | § | |
| Plaintiff, | § | 6:18-CV-00073-ORL-40-TBS |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| TRANS UNION LLC; | § | |
| CONTINENTAL SERVICE | § | |
| GROUP, INC., d/b/a | § | |
| CONSERVE, | § | |
| | § | Demand for trial by jury |
| Defendants. | § | |



## PLAINTIFF'S ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to Title 15 U.S.C. § 1681p and pursuant to Title 28 U.S.C. § 1331.

2. Venue is proper before this Court pursuant to Title 28 U.S.C. § 1391.

3. The conditions precedent to the bringing of this action have been performed, waived, or excused.

## PARTIES AND DEFINITIONS

4. The term "**account**" is defined at Title 15 U.S.C. § 1693a(2).

5. The Plaintiff is a "**consumer**" as defined by the Fair Credit Reporting Act, Title 15 U.S.C. § 1681a(c)

6. The Defendant TRANS UNION LLC, hereafter referred to as "TRANS UNION," is a foreign limited liability company with the current principal place of business and current mailing address location at 555 WEST ADAMS STREET, CHICAGO, IL, 60661, according to the 2017 FOREIGN LIMITED LIABILITY COMPANY ANNUAL REPORT that TRANS UNION filed with the Department of State for the State of Florida, Division of Corporations, on February 14, 2017.

7. The Defendant TRANS UNION is a "**consumer reporting agency**" as defined by the Fair Credit Reporting Act, Title 15 U.S.C. § 1681a(f).

8. The Defendant TRANS UNION is a "**consumer reporting agency that compiles and maintains files on consumers on a nationwide basis**" as defined by the Fair Credit Reporting Act, Title 15 U.S.C. § 1681a(p).

9. The Defendant CONTINENTAL SERVICE GROUP, INC., doing business as "ConServe" and with the Cross Reference Name in the State of Florida of CONSERVE-ARM, INC., hereafter referred to as "ConServe," is a foreign

profit corporation with the current principal place of business location at 200

CROSSKEYS OFFICE PARK, FAIRPORT, NY, 14450, and with the current

mailing address of PO BOX 7, FAIRPORT, NY, 14450, according to the

Department of State for the State of Florida, Division of Corporations.

10. The Defendant ConServe is a "**person**" as defined by the Fair Credit

Reporting Act, Title 15 U.S.C. § 1681a(b).

11. The Defendant ConServe is a "**prospective user**" within the meaning of

the Fair Credit Reporting Act, Title 15 U.S.C. § 1681 *et seq.*

12. The Defendant ConServe is a "**debt collector**" as defined by the Fair Debt

Collection Practices Act, Title 15 U.S.C. § 1692a(6).

13. The term "**consumer report**" is defined by the Fair Credit Reporting Act,

Title 15 U.S.C. § 1681a(d).

14. The term "**file**" is clearly defined by the Fair Credit Reporting Act,

Title 15 U.S.C. § 1681a(g):

> The term "file," when used in connection with information on any
> consumer, means all of the information on that consumer recorded and
> retained by a consumer reporting agency regardless of how the
> information is stored.

## FACTUAL ALLEGEATIONS

15. Paragraphs 1 through 14 are re-alleged as if they were fully set forth herein.

16. On August 14, 2017, the Plaintiff received his "consumer report" from the Defendant TRANS UNION by way of the United States Postal Service.

17. On August 14, 2017, the Plaintiff discovered the inquiry for the Plaintiff's "consumer report" that was requested and obtained by the unknown entity Defendant ConServe from the Defendant TRANS UNION on May 27, 2017: Said inquiry is identified under the "Account Review Inquiries" category section within the Plaintiff's "consumer report" and consumer "file" ("TransUnion" ~ "Consumer Credit Report" ~ File/Reference Number: 325283205; Date Issued: 08/07/2017).

18. The consumer file history inquiry for the Plaintiff that was requested and obtained by the Defendant ConServe from the Defendant TRANS UNION on May 27, 2017, was the initial communication by ConServe to the Plaintiff consumer regarding the collection of any alleged debt.

19. The Plaintiff has **not** received any notification from either the Defendant TRANS UNION or from the Defendant ConServe regarding any alleged debt collection "contract," nor any alleged "assignment" of any alleged debt, nor any alleged "assignment" of any alleged "debt collection rights," that supposedly

include the right for "account review" of the Plaintiff's "consumer report" or for the consumer "**file**," that was executed by and between the Defendant ConServe and any alleged "original creditor" in regard to the Plaintiff.

20. The Plaintiff does **not** and has **never had** any alleged "**account**" with, nor initiated any alleged "credit transaction" with, nor initiated any alleged "insurance transaction" with, nor had any business dealings with the Defendant ConServe whatsoever from the beginning of the world until the present day to the best of the Plaintiff's recollection.

21. At no time from the beginning of the world until the present day did the Plaintiff grant his consent to the Defendant ConServe to request and obtain the Plaintiff's consumer "**file**" or grant consent to obtain the Plaintiff's "consumer report" or grant consent to obtain the Plaintiff's so-called "Credit Report" from the Defendant TRANS UNION or from **any** "consumer reporting agency."

22. On August 18, 2017, the Plaintiff conveyed the **initial formal dispute** letter directly to the Defendant TRANS UNION in regard to the consumer file inquiry that was requested and obtained by the Defendant ConServe from the Defendant TRANS UNION on May 27, 2017; the initial formal dispute letter was conveyed by the Plaintiff to the Defendant TRANS UNION by way of the United States Postal Service, hereinafter referred to as "U.S.P.S.," CERTIFIED

MAIL with the U.S.P.S. CERTIFIED MAIL RECEIPT number: 7014  2120

0001 1579 2479, and with the Domestic Return Receipt requested.

23.  The Plaintiff has **not** received any notification (to-date) from the Defendant

TRANS UNION that TRANS UNION has made any determination that the

Plaintiff's dispute is "frivolous or irrelevant" and such notification is required to

be made by not later than five (5) business days after making such

determination as required by Title 15 U.S.C. § 1681i(a)(3)(B).

24.  On August 25, 2017, the Plaintiff conveyed the **initial notice of formal**

**dispute** letter directly to the Defendant ConServe in regard to the consumer file

inquiry that ConServe requested and obtained from the Defendant TRANS

UNION on May 27, 2017; the Plaintiff's initial notice of formal dispute letter to

the Defendant ConServe was conveyed by way of the U.S.P.S. CERTIFIED

MAIL with the CERTIFIED MAIL RECEIPT number: 7016 0600 0001 2069

9294, and with the Domestic Return Receipt requested.

25.  The Plaintiff has **not** received any notification (to-date) from the Defendant

ConServe that ConServe has made any determination that the Plaintiff's dispute

is "frivolous or irrelevant" and such notification is required to be made by not

later than five (5) business days after making such determination as required by

Title 15 U.S.C. § 1681s-2(a)(8)(F).

26. On September 1, 2017, the Plaintiff received the **first response** letter from the Defendant ConServe (letter dated August 28, 2017, with the ConServe Reference #: 5438318). The Defendant ConServe indicates in their first response letter to the Plaintiff that the alleged original "creditor" is a company named "DEUTSCHE BANK/PEAKS LN;" however, the line-item inquiry in dispute within the "Account Review Inquiries" category section of the Plaintiff's "Consumer Credit Report" ("Page 5 of 6" of the TRANS UNION "Consumer Credit Report" with the "Date Issued: 08/07/2017") indicates "CONSERVE-DEPT OF EDUCATIO" as the requesting party. The named alleged original "creditor," "DEUTSCH BANK/PEAKS LN," that is referred to in ConServe's first response letter is an **unknown entity** to the Plaintiff and the Plaintiff has **never** had any business dealings with nor had any alleged **"account"** with "DEUTSCHE BANK/PEAKS LN" and the Plaintiff has never initiated any alleged "credit transaction" or "insurance transaction" with "DEUTSCHE BANK/PEAKS LN" at any point or moment in time from the beginning of the world until the present day to the best of the Plaintiff's knowledge; the Defendant ConServe's first response letter provided **no** explanation or any information regarding any alleged "collection rights" or regarding any alleged account-level "assignment" from any alleged original

creditor that the Defendant ConServe may claim to have had or have in

ConServe's possession in order to statutorily justify requesting and obtaining

the Plaintiff's "consumer report" and consumer "**file**" from the Defendant

TRANS UNION in the first instance; the only relevant statements in

ConServe's first response letter conveyed to the Plaintiff were the following:

> The above referenced account was closed and returned to the Creditor referenced above. Please contact DEUTSCHE BANK/PEAKS LN for any further questions regarding this account.
>
> If this account was reported, ConServe has instructed the corresponding consumer reporting agencies to remove the above referenced account from your credit report so that it will no longer be reported by ConServe.

27. On September 15, 2017, the Plaintiff received the **first response** letter from

the Defendant TRANS UNION (letter dated August 24, 2017, with the

reference designation: ***325283205-058***); however, the first response

letter provided no specific information regarding the consumer file history

inquiry in dispute, no information regarding the Defendant ConServe, and no

information regarding any investigation, or any investigation results, specific to

the Plaintiff's dispute.

28. On September 18, 2017, the Plaintiff conveyed the **second notice** of formal

dispute letter directly to the Defendant TRANS UNION in regard to the

consumer file inquiry requested and obtained by the Defendant ConServe from

the Defendant TRANS UNION on May 27, 2017; the second notice letter was

conveyed by way of the U.S.P.S. CERTIFIED MAIL with the CERTIFIED

MAIL RECEIPT number: 7016 0600 0001 2069 9300, and with the Domestic

Return Receipt requested.

29. On September 28, 2017, the Plaintiff conveyed the **second notice** letter to

the Defendant ConServe detailing the deficiencies and discrepancies in

ConServe's first response letter to the Plaintiff; the second notice letter was

conveyed by way of the U.S.P.S. CERTIFIED MAIL with the CERTIFIED

MAIL RECEIPT number: 7016 0600 0001 2069 9324, and with the Domestic

Return Receipt requested.

30. On October 15, 2017, the Plaintiff received the **second response** letter

from the defendant TRANS UNION (letter dated October 2, 2017, with the

reference designation: ***325283205-060***); the relevant portion of this

letter simply states:

> Based on the information provided to TransUnion, our records show
> that the information you disputed does not currently appear on your
> TransUnion credit report;

The second response letter conveyed by the Defendant TRANS UNION to the

Plaintiff makes no mention of any investigation results of the Plaintiff's initial

dispute nor any explanation regarding any alleged "permissible purpose" nor any information regarding any "general or specific certification" information that the Defendant ConServe may have claimed to have submitted to TRANS UNION (which is statutorily required) in order to request and obtain the Plaintiff's "consumer report" from the Defendant TRANS UNION on May 27, 2017, allegedly for "account review" purposes; the second response letter received by the Plaintiff from the Defendant TRANS UNION did **not** indicate any determination that the Plaintiff's dispute is "frivolous or irrelevant."

31.  On October 17, 2017, the Plaintiff conveyed the **third notice of dispute** letter to the Defendant TRANS UNION: This letter did include, but was not limited to, the demand that TRANS UNION convey a copy of "**all information in the consumer's file**" pursuant to Title 15 U.S.C. § 1681g(a)(1) of the Fair Credit Reporting Act; the third notice of dispute letter was conveyed to the Defendant TRANS UNION by way of the U.S.P.S. CERTIFIED MAIL with the CERTIFIED MAIL RECEIPT number: 7016 0600 0001 2069 9331, and with the Domestic Return Receipt requested [The "**consumer report**" is merely a **subset** of the information contained within the consumer's master "**file**."].

32.  All "**prospective users**" of a consumer report **must** submit a "**general or specific certification**" to the consumer reporting agency in accordance with

Title 15 U.S.C. section 1681b(f)(2) and in accordance with Title 15 U.S.C. section 1681e of the Fair Credit Reporting Act; however, the Defendant ConServe is neither an "original creditor" nor has ConServe provided the Plaintiff with any authenticated or self-authenticating "account-level" documentation regarding any alleged "assignment" executed by any alleged "original creditor" nor has ConServe provided the Plaintiff with an authenticated copy of any enforceable contract, in regard to the Plaintiff, executed by and between ConServe and any alleged original creditor in regard to any alleged "collection rights" or in regard to any alleged "account review" inquiry rights for the Plaintiff's "consumer report" or for the Plaintiff's consumer "**file**;" and, furthermore, the Plaintiff alleges that the Defendant ConServe had **neither** "permissible purpose" **nor** provided any **valid** "certification" information to the Defendant TRANS UNION before requesting and obtaining the Plaintiff's consumer report from the consumer reporting agency TRANS UNION in clear violation of Title 15 U.S.C. §§ 1681b(f)(1), 1681b(f)(2), of the Fair Credit Reporting Act

[A valid "certification" combined with a valid "permissible purpose" would <u>theoretically</u> provide ConServe with the evidence of statutory compliance necessary for requesting and obtaining the Plaintiff's "consumer report" from TRANS UNION in the first instance; however, neither ConServe nor TRANS UNION has provided the Plaintiff with any such evidence after repeated requests. Why?]

Title 15 U.S.C. § 1681e(a), in part, states:

> These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose;

33.  On November 15, 2017, the Plaintiff received the **third response letter** from the Defendant TRANS UNION (letter dated October 26, 2017, with the reference designation: ***325283205-062***); the third response letter contained **no** information regarding, or reference to, the Defendant ConServe and **no** information regarding any investigation into the consumer file inquiry in dispute and **no** explanation regarding the supposed "permissible purpose" that may have been claimed by ConServe and **no** explanation regarding the supposed "general or specific certification" information that may have been submitted by the Defendant ConServe to the Defendant TRANS UNION in order to effect the "account review" inquiry into the Plaintiff's "consumer report" and consumer "file" that was requested and obtained by ConServe from TRANS UNION on May 27, 2017.

34.  On November 20, 2017, the Plaintiff conveyed the **NOTICE OF PENDING LAWSUIT, NOTICE OF OPPORTUNITY TO CURE**, to the Registered Agent for the Defendant ConServe by way of the U.S.P.S.

CERTIFIED MAIL, with the CERTIFIED MAIL RECEIPT number: 7017 1000 0000 0153 9994, and with the Domestic Return Receipt requested.

35. On November 20, 2017, the Plaintiff conveyed the **NOTICE OF PENDING LAWSUIT, NOTICE OF OPPORTUNITY TO CURE**, to the Registered Agent for the Defendant TRANS UNION by way of the U.S.P.S. CERTIFIED MAIL, with the CERTIFIED MAIL RECEIPT number: 7017 1000 0000 0153 9987, and with the Domestic Return Receipt requested.

36. On December 11, 2017, the Plaintiff received the **second response** letter from the Defendant ConServe (letter dated December 7, 2017, apparently signed by a "Michael Bodamer, Manager, Compliance Business," with the "ConServe Reference Number: 2638971"); however, the second response letter from ConServe was **non-responsive** in that it contained **no** explanation regarding the supposed and statutorily required "permissible purpose" that may have been claimed by ConServe and **no** explanation regarding the supposed and statutorily required "general or specific certification" information that may have been submitted by the Defendant ConServe to the Defendant TRANS UNION in order to effect the "account review" inquiry into the Plaintiff's "consumer report" and consumer "**file**" that was requested and obtained by ConServe from TRANS UNION on May 27, 2017.

## COUNT I
## PLAINTIFF'S DEMAND FOR RELIEF FOR THE WILLFUL NONCOMPLIANCE WITH THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *et seq.*, AS COMMITTED BY THE DEFENDANT TRANS UNION LLC

37.  Paragraphs 1 through 36 are re-alleged as if they were fully set forth herein.

38.  Violation of Title 15 U.S.C. § 1681b, "Permissible purposes of consumer reports:" The Defendant TRANS UNION willfully failed to ensure that the Defendant ConServe had a valid "permissible purpose" under section 1681b of the Fair Credit Reporting Act before providing and furnishing the Defendant ConServe with the Plaintiff's **"consumer report"** that is based upon the Plaintiff's consumer **"file."**

39.  Violation of Title 15 U.S.C. § 1681e(a), "Compliance procedures:" The Defendant TRANS UNION willfully failed to ensure that the Defendant ConServe properly fulfilled the requirements of section 1681e(a) of the Fair Credit Reporting Act before providing and furnishing the Defendant ConServe with the Plaintiff's **"consumer report"** that is based upon the Plaintiff's consumer **"file."**

WHEREFORE, the Plaintiff demands judgment against the Defendant TRANS UNION LLC as relief for the statutory damages or for the actual damages sustained by the Plaintiff including but not limited to mental anguish,

emotional distress, loss of sleep, damage to creditworthiness, damage to reputation, and for the egregious violation of the Plaintiff's right to privacy, and for any additional actual damages sustained by the Plaintiff as they may bear, and for the **punitive** damages as the court may allow as relief for the Defendant's **willful** noncompliance with the Fair Credit Reporting Act pursuant to Title 15 U.S.C. § 1681n, and for the costs of the action together with reasonable attorney's fees (if any) as determined by the court.

**COUNT II**
**PLAINTIFF'S DEMAND FOR RELIEF FOR THE NEGLIGENT NONCOMPLIANCE WITH THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *et seq.*, AS COMMITTED BY THE DEFENDANT TRANS UNION LLC**

40.  Paragraphs 1 through 39 are re-alleged as if they were fully set forth herein.

41.  Violation of Title 15 U.S.C. § 1681b, "Permissible purposes of consumer reports:" The Defendant TRANS UNION negligently failed to ensure that the Defendant ConServe had a valid "permissible purpose" under section 1681b of the Fair Credit Reporting Act before providing and furnishing the Defendant ConServe with the Plaintiff's "**consumer report**" that is based upon the Plaintiff's consumer "**file.**"

42.  Violation of Title 15 U.S.C. § 1681e(a), "Compliance procedures:" The Defendant TRANS UNION negligently failed to ensure that the Defendant

ConServe properly fulfilled the requirements of section 1681e(a) of the Fair

Credit Reporting Act before providing and furnishing the Defendant ConServe

with the Plaintiff's "**consumer report**" that is based upon the Plaintiff's

consumer "**file**."

WHEREFORE, the Plaintiff demands judgment against the Defendant

TRANS UNION LLC as relief for the statutory damages or for the actual

damages sustained by the Plaintiff including but not limited to mental anguish,

emotional distress, loss of sleep, damage to creditworthiness, damage to

reputation, and for the egregious violation of the Plaintiff's right to privacy, and

for any additional actual damages sustained by the Plaintiff as they may bear for

the Defendant's **negligent** noncompliance with the Fair Credit Reporting Act

pursuant to Title 15 U.S.C. § 1681o, and for the costs of the action together

with reasonable attorney's fees (if any) as determined by the court.

**COUNT III**
**PLAINTIFF'S DEMAND FOR RELIEF FOR THE WILLFUL**
**NONCOMPLIANCE WITH THE FAIR CREDIT REPORTING ACT,**
**15 U.S.C. § 1681 *et seq*., AS COMMITTED BY THE DEFENDANT**
**CONTINENTAL SERVICE GROUP, INC., d/b/a CONSERVE**

43. Paragraphs 1 through 42 are re-alleged as if they were fully set forth herein.

44. The Defendant ConServe willfully violated the Fair Credit Reporting Act,

Title 15 U.S.C. § 1681b, "Permissible purposes of consumer reports:" The

violations include, but are not limited to, the following:

(a) The Defendant ConServe's violations include the willful noncompliance with Title 15 U.S.C. § 1681b(f)(1) of the Fair Credit Reporting Act by ConServe requesting and obtaining the Plaintiff's "consumer report" for a purpose that was **not** authorized to be furnished under Title 15 U.S.C. §1681b.

(b) The Defendant ConServe's violations include the willful noncompliance with Title 15 U.S.C. § 1681b(f)(2) of the Fair Credit Reporting Act by ConServe's failure to provide a valid and proper "certification" to TRANS UNION before requesting and obtaining the Plaintiff's consumer report.

WHEREFORE, the Plaintiff demands judgment against the Defendant ConServe as relief for the statutory damages or for the actual damages sustained including but not limited to mental anguish, emotional distress, loss of sleep, damage to creditworthiness, damage to reputation, and for the egregious violation of the Plaintiff's right to privacy, and for any additional actual damages sustained by the Plaintiff as they may bear, and for the **punitive** damages as the court may allow as relief for the Defendant's **willful** noncompliance with the Fair Credit Reporting Act pursuant to Title 15 U.S.C. § 1681n, and for the costs of the action together with reasonable attorney's fees (if any) as determined by the court.

## COUNT IV
## PLAINTIFF'S DEMAND FOR RELIEF FOR THE NEGLIGENT NONCOMPLIANCE WITH THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *et seq.*, AS COMMITTED BY THE DEFENDANT CONTINENTAL SERVICE GROUP, INC., d/b/a CONSERVE

45. Paragraphs 1 through 44 are re-alleged as if they were fully set forth herein.

46. The Defendant ConServe negligently violated the Fair Credit Reporting Act, Title 15 U.S.C. § 1681b, "Permissible purposes of consumer reports:" The violations include, but are not limited to, the following:

(a) The Defendant ConServe's violations include the negligent noncompliance with Title 15 U.S.C. § 1681b(f)(1) of the Fair Credit Reporting Act by ConServe requesting and obtaining the Plaintiff's "consumer report" for a purpose that was **not** authorized to be furnished under Title 15 U.S.C. §1681b.

(b) The Defendant ConServe's violations include the negligent noncompliance with Title 15 U.S.C. § 1681b(f)(2) of the Fair Credit Reporting Act by ConServe's failure to provide a valid and proper "certification" to TRANS UNION before requesting and obtaining the Plaintiff's consumer report.

WHEREFORE, the Plaintiff demands judgment against the Defendant ConServe as relief for the statutory damages or for the actual damages sustained by the Plaintiff including but not limited to mental anguish, emotional distress, loss of sleep, damage to creditworthiness, damage to reputation, and for the

egregious violation of the Plaintiff's right to privacy, and for any additional

actual damages sustained by the Plaintiff as they may bear for the Defendant's

**negligent** noncompliance with the Fair Credit Reporting Act pursuant to Title

15 U.S.C. § 1681o, and for the costs of the action together with reasonable

attorney's fees (if any) as determined by the court.

## DEMAND FOR TRIAL BY JURY

The Plaintiff demands a **trial by jury** for all issues so triable by law.

Respectfully submitted,

By: *Tim : Foote, without prejudice;*

TIM FOOTE, Plaintiff, *Pro se*
3208-C East Colonial Drive
Unit  159
Orlando, Florida, 32803
Cellular telephone:   407-633-9297
E-mail:   non-assumpsit@safe-mail.net