FILED

IN THE UNITED STATES DISTRICT COURT FOR THE 2018 APR 29  AM 10: 20
MIDDLE DISTRICT OF FLORIDA,
ORLANDO DIVISION

| | | |
|---|---|---|
| TIM FOOTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TRANS UNION LLC; | § | |
| CONTINENTAL SERVICE | § | Civil Action No. **6:18-cv-73-ORL-40-TBS** |
| GROUP, INC., d/b/a | § | |
| CONSERVE, | § | |
| | § | Demand for trial by jury |
| Defendants. | § | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT CONTINENTAL SERVICE GROUP, INC. d/b/a CONSERVE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

### STANDARD OF REVIEW

When considering a defendant's motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff. *Barker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); see *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Jones v. General Elec. Co.* 87 F.3d 209, 211 (7th Cir. 1996). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555-56; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Only if no possible construction of the alleged facts will entitle the Plaintiff to relief

should the court grant the Defendant's motion. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984). If the factual allegations in the Plaintiff's complaint support any legal theory that entitles the Plaintiff to some relief, the court should deny the Defendant's motion to dismiss.

## ARGUMENT

The Defendant states in the second paragraph of its Motion to Dismiss that: "As detailed by the correspondence referenced in the Complaint, ConServe was collecting on a debt Plaintiff owed to the United States Department of Education." First of all the FCRA is not a statute regarding or concerned directly with the **collection** of any alleged debt. The FCRA is concerned with the **reporting and inquiry** activities of both the consumer reporting agencies and its subscribers and users and furnishers of information. Regardless, the Plaintiff shall address that particular allegation at this time: Prior to September 1, 2017, the Plaintiff had **not** ever received any direct communication of any type or format whatsoever from the Defendant ConServe. In fact, the first moment in time at which point the Plaintiff became aware of the very existence of ConServe was on August 14, 2017, when the Plaintiff consumer discovered the "Account Review Inquiry" on his Trans Union consumer report – a consumer report that was also requested and obtained by the Defendant ConServe from the Defendant Trans Union LLC on May 27, 2017 (Trans Union consumer report dated August 7, 2017). Prior to August 14, 2017, ConServe was an **unknown entity** to the Plaintiff. Thus, on August 14, 2017, the Plaintiff discovers that a completely unknown entity invaded his privacy, allegedly, according to ConServe, for the purpose of "collecting on a debt;" however, the Plaintiff had not been directly contacted by ConServe to the best of the

Plaintiff's knowledge at any point or moment in time prior to August 14, 2017; and, when the Plaintiff subsequently demanded an explanation from ConServe, he receives a nonsense rambling letter in response that provides no explanation or any justification for the egregious violation of the Plaintiff's right to privacy. And, even after a second letter from ConServe, and now after ConServe's Motion to Dismiss, the Plaintiff still has yet to receive a valid, plausible, and justified reason for such invasion. So, it appears that according to ConServe, ConServe claims it has the right to "account review inquiry" for the purpose of "debt collection," but in fact ConServe did not directly contact the Plaintiff in regard to any alleged debt or debt collection activities prior to August 14, 2017 to the best of the Plaintiff's knowledge, and to the best of the Plaintiff's knowledge ConServe has never actually attempted to collect any alleged debt, whether in default or not in default, from the Plaintiff, prior to September 1, 2017. Thus, it appears that ConServe executed an "account review inquiry" for the alleged purpose of "debt collection" but then does **not** attempt to directly collect said alleged debt in a timely manner or even so much as contact the target consumer, to the best of the Plaintiff's knowledge, that is, prior to September 1, 2017.

Furthermore, ConServe, in the last paragraph of section "I." of its Motion to Dismiss (page 4 of Document 18), states: "Here, Paragraph 36 of the Complaint refers to a letter sent from ConServe to Plaintiff dated December 7, 2017. Complaint, ¶ 36. Despite this reference, Plaintiff conveniently failed to attach the letter as an exhibit." That particular letter was the **second** letter that the Plaintiff received from ConServe and I will return to the second letter after I discuss the **first** letter received by the Plaintiff from the Defendant. Apparently, the Defendant "conveniently" forgot to mention paragraph 26 of the Plaintiff's

3.

original complaint (Document 1) in which the Plaintiff concisely outlines the strange discrepancies and deficiencies of ConServe's first response letter that was sent by ConServe, in response to, the Plaintiff's initial (Certified Mail) notice letter that was conveyed to the Defendant on August 25, 2017. In paragraph 26 of the Plaintiff's complaint (Document 1), the Plaintiff explains that in this particular first response letter from ConServe, the alleged "creditor" as claimed by ConServe, is a company named "DEUTSHCE BANK/PEAKS LN." The court can read Document 1, paragraph 26, for itself, but the bottom-line is that this new alleged creditor is also an unknown entity to the Plaintiff and the Plaintiff has never had any "accounts" or business dealing with this unknown entity at any point in time. This puzzling first response letter from ConServe then prompted the Plaintiff to convey the second (Certified Mail) notice letter to ConServe, the letter dated September 28, 2017. The Plaintiff waited from September 28, 2017, until November 20, 2017, for any response; however, no response from ConServe was received by the Plaintiff during this time period of nearly two months. Then, on November 20, 2017, the Plaintiff conveyed the third (Certified Mail) communication to ConServe: "Notice of Pending Lawsuit [and] Notice of Opportunity to Cure" directly to ConServe's Registered Agent in Florida. And then, finally, on December 11, 2017, the Plaintiff received the second response letter from ConServe [the letter dated December 7, 2017, apparently signed by a "Michael Bodamer"], and this letter is the letter referred to by ConServe in its Motion to Dismiss and is characterized by ConServe as the letter that "… Plaintiff conveniently failed to attach the letter as an exhibit." The Plaintiff is puzzled by how or why this particular letter is in any way helpful to ConServe's Motion to Dismiss.

4.

ConServe asserts in its Motion to Dismiss that this particular letter [ConServe's Exhibit A] which is attached to the Declaration of "Pamela A. Murphy" in ConServe's Motion to Dismiss, is somehow "… central to the claims asserted therein." In what manner? Despite three Certified Mail letter communications sent to ConServe (two letters sent directly to ConServe and one letter sent to its Registered Agent in Florida), the Plaintiff has yet to receive any "account-level" documentation evidence from the Defendant demonstrating any "assignment" of any "debt-collection rights" or receive any enforceable contract or agreement demonstrating ConServe's right to collect on behalf of any alleged original creditor for any alleged debt in regard to the Plaintiff that is either in default or is not in default. In fact, ConServe, to the best of the Plaintiff's knowledge, has produced no authenticated "account-level" evidence proving ConServe has any right whatsoever to either attempt to collect any alleged debt from the Plaintiff or any right whatsoever to "purchase" the Plaintiff's consumer report or consumer file from Trans Union LLC or from any consumer reporting agency ostensibly for "Account Review Inquiry" purposes. In fact, after re-reading the two sole communications that the Plaintiff received from the Defendant prior to litigation, the Plaintiff noticed that the Defendant did not make any specific demands upon the consumer, "TIM FOOTE," or make any demands to make any payments to any entity whatsoever, which is not consistent with the typical expected behavior of so-called "debt collectors." So, the following questions remain valid: What was the Defendant ConServe's alleged "permissible purpose?" And, which specific subsection as identified under section 1681b of the FCRA [letter and/or number] is ConServe claiming? And, is ConServe also willing to provide the verbatim "general or specific certification" information language? I.e.,

the information that is required to be conveyed by ConServe to the consumer reporting agency as mandated by section 1681b(f)(2) of the FCRA? And, just to be curious, if ConServe in-fact possesses the aforementioned hypothetical evidence, then why did ConServe **not** produce such evidence **prior** to litigation? Why does ConServe **not** make reference to any such evidence in its Motion to Dismiss? There is no mention of any such "account-level" evidence in either letter received by the Plaintiff from ConServe. The Plaintiff gave ConServe ample time and opportunity to provide such evidence prior to litigation.

In the second response letter received by the Plaintiff from ConServe [see "Exhibit A" in ConServe's Motion to Dismiss] in the third paragraph, first sentence, ConServe states: "ConServe has a permissible purpose under the Fair Credit Reporting Act (FCRA) to purchase a consumer report." This statement is incomplete at best, and outright false at worst. A proper sentence might read as follows: Any subscriber to a consumer reporting agency has a right to purchase a consumer report providing the subscriber can demonstrate a valid "permissible purpose" and provide the proper "general or specific certification" information that is statutorily required by the FCRA in order to process the request.

On page 4 of ConServe's Motion to Dismiss, underneath (part) II. ARGUMENT, ConServe claims: "Plaintiff's claims based on 15 U.S.C. § 1681b(f)(1) should be dismissed because Plaintiff cannot demonstrate ConServe lacked a permissible purpose to obtain Plaintiff's consumer credit report." So, ConServe not only can not, or will not, cite the specific concise exact subsection of section 1681b of the FCRA that supposedly grants ConServe its alleged "permissible purpose," **ConServe also demands that the Plaintiff**

**prove a negative assertion: How exactly is the Plaintiff supposed to demonstrate that ConServe "lacked" a permissible purpose? Regardless, the Plaintiff cannot be required to prove a negative.** The Defendant claims over and over in its Motion to Dismiss that it had "authority" or "permissible purpose" to purchase and obtain the Plaintiff's consumer report [or consumer credit report, or credit report, or credit file, etc.], but never once produces, or even alludes to, any admissible authenticated account-level evidence, or any evidence whatsoever granting any claimed authority or permissible purpose. The only way to get to the bottom of this disagreement is through exhaustive discovery.

The Defendant simply draws the conclusion that it has a supposed "right" for account review inquiry by simply stating the words "debt collection" and yet ConServe repeatedly fails to provide any authentic admissible evidence of any alleged "account" ["account" as defined at 15 U.S.C. § 1693a(2)] and ConServe fails to provide any authentic admissible evidence of a valid and proper "assignment" from either the U.S. Department of Education, or any "assignment" from any alleged original creditor, and ConServe refuses to provide any admissible evidence of any enforceable contract executed with any alleged original creditor that supposedly provides ConServe with "debt collection rights" or "account review inquiry rights" with **any** consumer reporting agency in regard to the Plaintiff.

And, it is worth noting to the court that if the Defendant ConServe is making the claim that it is in-fact a "debt-collector" engaged in the act of "debt collection" then ConServe must also comply with the Fair Debt Collection Practices Act, the "FDCPA," title 15 U.S.C. § 1692 *et al*; however, the Plaintiff did **not** receive the proper "written notice" from ConSeve as required under title 15 U.S.C. § 1692g(a), which is reprinted below:

### § 809.  Validation  of debts
(a) Notice of debt; contents
Within  five days after the initial  communication  with a consumer
in connection  with the collection  of any debt, a debt
collector shall,  unless  the following  information  is contained
in the initial  communication  or the consumer  has paid the
debt, send the consumer  a written  notice containing—
(1) the amount  of the debt;
(2) the name of the creditor  to whom  the debt is owed;
(3) a statement  that unless  the consumer,  within  thirty  days
after receipt  of the notice,  disputes  the validity  of the
debt, or any portion  thereof,  the debt will  be assumed
to be valid  by the debt collector;
(4) a statement  that if the consumer  notifies  the debt collector
in writing  within  the thirty-day  period that the
debt, or any portion  thereof,  is disputed,  the debt collector
will  obtain verification  of the debt or a copy of a
judgment  against  the consumer  and a copy of such
verification  or judgment  will  be mailed  to the consumer
by the debt collector;  and
(5) a statement  that, upon the consumer's  written  request
within  the thirty-day  period, the debt collector  will
provide  the consumer  with  the name and address of the
original  creditor,  if different  from  the current  creditor

The Defendant  ConServe  makes no mention  of any such required  "written  notice"  in either  of

its response  letters  sent to the plaintiff  or within  its Motion  to Dismiss.  Again,  the Plaintiff

never received  any such "written  notice"  at any point  in time  up to and through  the date of

the filing  of this opposition  to the Defendant's  Motion  to Dismiss.  Will  the Defendant  now

claim  that it is not a "debt collector?"

And, of course, let us not forget  the issue  of title  15 U.S.C. § 1681b(f)(2),  regarding

"certification,"  i.e., a prospective  user of a consumer  report  must certify  its purpose  "through

a general  or specific  certification"  in accordance  with  title  15 U.S.C. § 1681e. Under  (part)

"II.",  "Argument,"  (subpart)  *ii*,  first  paragraph,  of the Defendant's  Motion  to Dismiss  (page 6

of Document  18), the Defendant  once again  challenges  the Plaintiff  to prove a negative:  "This

8.

claim is entirely unsupported as the Complaint fails to articulate any factual basis to support

Plaintiff's conclusions that ConServe was not in compliance with 15 U.S.C. § 1681b(f)(2)."

As previously discussed, the Defendant either can not, or will not, provide or "articulate,"

the "factual basis" verbatim language of the "certification" information. Regardless, as stated

previously, **the Plaintiff cannot be required to prove a negative**. It appears that the only

way the Plaintiff and the court will ever see that specific certification language information is

if it is uncovered during the discovery period.

## CONCLUSION

ConServe has failed, after repeated demands, to provide any relevant admissible

evidence that it had any statutorily compliant authority to attempt to collect on any alleged

debt from the Plaintiff or any right to conduct an "account review inquiry" into the Plaintiff's

consumer report and consumer file. ConServe has failed to provide an authenticated copy of

any enforceable contract or any "assignment" from any alleged original creditor regarding

any alleged debt whether or not any such alleged debt is in default. The Plaintiff respectfully

requests that the Court take notice of the well-pled allegations of the *pro se* Plaintiff's

complaint, which this court must accept as true at this juncture of the proceedings, and which

in light of the Plaintiff's *pro se* status, the Court must hold to a less stringent standard than

formal pleadings drafted by an attorney and construe liberally. See *Haines v. Kerner*, 404

U.S. 519, 520 (1972).

WHEREFORE, because the Defendant has failed to bring forth any cognizable or

legitimate arguments for dismissal before this honorable Court, the Plaintiff respectfully

requests the Court to **deny** the Defendant's Motion to Dismiss and allow the Plaintiff's claim

to move forward to trial on the merits. In the event the Court finds that the Plaintiff has failed to state a claim as alleged by the Defendant, the Plaintiff requests leave of this court to file an amended complaint to cure any deficiencies identified by this Honorable Court.

Date: March 29, 2018

By: Tim : Foote, without prejudice

TIM FOOTE, Plaintiff, *Pro se*
3208-C East Colonial Drive; Unit 159;
Orlando, Florida, 32803
Telephone: 407-633-9297;
E-mail: non-assumpsit@safe-mail.net

10.

## CERTIFICATE OF SERVICE

I hereby certify that the PLAINTIFF'S MEMORANDUM IN OPPOSITION TO

DEFENDANT CONTINENTAL SERVICE GROUP, INC. d/b/a CONSERVE'S MOTION

TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) was filed today with the Clerk of

Court, and a copy was mailed today by first class mail on the service list enumerated below.

1. Christopher A. Walker, Esq.
Lippes Mathias Wexler Friedman LLP
*Attorneys for Defendant Continental Service Group, Inc. d/b/a ConServe*
882 U.S. Highway A1AN, Suite 100
Ponte Verde Beach, Florida 32082

2. Paul W. Sheldon
Strasburger & Price, LLP
*Attorneys for Defendant Trans Union LLC*
2600 Dallas Parkway, Suite 600
Frisco, Texas, 75034

Date: March 29, 2018

By: Tim : Foote, without prejudice

TIM FOOTE, Plaintiff, *Pro se*
3208-C East Colonial Drive
Unit 159
Orlando, Florida, 32803
Cellular telephone: 407-633-9297
E-mail: non-assumpsit@safe-mail.net