**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

TIM FOOTE

    Plaintiff,                                              Case No. 18-cv-00073-PBG-TBS

vs.

TRANS UNION LLC
CONTINENTAL SERVICE GROUP, INC., d/b/a
CONSERVE

    Defendants.
_____/

**DEFENDANT CONTINENTAL SERVICE GROUP, INC. d/b/a CONSERVE'S REPLY
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS
<u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

    Pursuant to Docket Entry 24, Defendant Continental Service Group, Inc. d/b/a ConServe ("ConServe"), submits this Reply Brief in further support of its Motion to Dismiss.

**PRELIMINARY STATEMENT**

    ConServe's Motion to Dismiss establishes that Plaintiff Tim Foote's ("Plaintiff") Complaint must be dismissed because it does not state a plausible claim for relief under the Fair Credit Reporting Act ("FCRA"). The 15 U.S.C. § 1681b(f)(1) claim fails because ConServe had a permissible purpose to obtain Plaintiff's credit report. The 15 U.S.C. § 1681b(f)(2) claim fails because the Complaint is devoid of a single fact to support the allegation that ConServe failed to provide Trans Union certification for its purpose in obtaining Plaintiff's credit report.

    In opposition, Plaintiff points to alleged "discrepancies and deficiencies" in ConServe's communication with Plaintiff as proof ConServe might not be acting as a debt collector and again argues that because he has not seen proof of ConServe's certification, he may possibly have a claim against ConServe. Simply put, Plaintiff misapprehends the standard governing a

motion to dismiss. (Dkt. 18, p. 2). Plaintiff's Complaint does not articulate sufficient factual allegations to state a plausible cause of action against ConServe pursuant to the FCRA, and, therefore, his Complaint must be dismissed accordingly.

## ARGUMENT

    i.    15 U.S.C. § 1681(f)(1)

Debt collection is a permissible purpose to obtain a consumer credit report under the FCRA. (Dkt. 18, p. 5). Here, ConServe's permissible purpose to access Plaintiff's credit report from Trans Union was to collect a debt on behalf of the United States Department of Education. (Dkt. 18-1). As detailed in the correspondence from ConServe attached to the Motion to Dismiss and further stated in the Declaration of Ms. Murphy, ConServe obtained Plaintiff's credit report as part of its attempt to collect Plaintiff's debt owed to the United States Department of Education. *Id.*

In turn, Plaintiff argues that substance of the correspondence, the delay in receiving a response from ConServe, and the manner in which ConServe attempted to contact Plaintiff raises a question as to whether ConServe was truly acting as a debt collector. Plaintiff, however, fails to allege a single factual allegation in the Complaint to support the conclusory allegation that ConServe lacked a permissible purpose to obtain Plaintiff's credit report.

Indeed, Plaintiff's specious argument contradicts this Court's holding in *Little v. Asset Acceptance*, 2013 WL 12080760 (S.D. Fla. 2013). Unsurprisingly, Plaintiff wholly failed to address *Little, supra*, as the correspondence attached to the plaintiff's complaint in that case is nearly identical to the correspondence ConServe sent Plaintiff in this action. *Id.* ConServe's letter states that it had a permissible purpose to obtain a consumer report, which was to collect a

debt.[1] (Dkt. 18-1). The correspondence is titled Continental Service Group Inc., "A Debt Collection Agency," and includes the disclaimer "this communication is from a debt collector." *Id.* Contrary to Plaintiff's conclusory and unsupported allegations, the correspondence attached to ConServe's Motion to Dismiss explicitly demonstrates that ConServe was attempting to collect a debt from Plaintiff.

Simply put, Plaintiff's argument that he is being asked to prove a negative strains credulity. In order to state a plausible claim pursuant to 15 U.S.C. § 1681(f)(1), Plaintiff must state sufficient facts to show it is plausible that ConServe obtained Plaintiff's credit report without a permissible purpose. Because Plaintiff's Complaint failed to plead facts sufficient to show a lack of a permissible purpose and because the correspondence referenced in the Complaint affirmatively demonstrates ConServe had a permissible purpose (*i.e.*, debt collection), Plaintiff's Complaint must be dismissed.

    ii.    15 U.S.C. 1681(f)(2)

Furthermore, in order to state a plausible claim against ConServe pursuant to 15 U.S.C. § 1681b(f)(2), Plaintiff must allege sufficient facts to show it is plausible that ConServe did not certify its purpose for obtaining Plaintiff's consumer report to Trans Union. Put differently, Plaintiff is required to demonstrate in the Complaint that success on the merits of this claim is more than a sheer possibility. *See Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009).

The Complaint is devoid of a single fact to support Plaintiff's 15 U.S.C. § 1681b(f)(2) claim. In opposition to ConServe's Motion to Dismiss, Plaintiff relies on conjecture in arguing

---

[1] Notably, the FCRA is not violated even if the entity seeking the credit report for the purpose of debt collection made a good faith error in believing it was collecting a debt. *Little v. Asset Acceptance*, 2013 WL 12080760 at *4. Even if, *arguendo*, ConServe had been mistaken it is belief that it was collecting a debt from Plaintiff, the allegations in Plaintiff's Complaint still would not articulate a plausible claim pursuant to 15 U.S.C. § 1681b(f)(1).

that because he has not seen ConServe's certification, he has somehow stated a plausible claim pursuant to 15 U.S.C. § 1681b(f)(2). The Court should, as it must, ignore Plaintiff's threadbare, unsupported conclusions and dismiss the Complaint in its entirety. *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.").

## CONCLUSION

For the reasons stated herein and in the underlying Motion to Dismiss, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

Dated:     April 16, 2018

Respectfully submitted,

/s Christopher A. Walker
Christopher A. Walker, Esq.
Lippes Mathias Wexler Friedman LLP
*Attorneys for Defendant Continental Service Group, Inc. d/b/a ConServe*
882 U.S. Highway A1AN, Suite 100
Ponte Verde Beach, Florida 32082
P: 904-660-0020
F: 904-660-0029
cwalker@lippes.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2018, I electronically filed the foregoing Reply Brief via the CM/ECF system, which should then send notification of such filing to all counsel of record. A copy of the Motion was also sent by first class mail to Plaintiff Tim Foote at:

Tim Foote
3208-C East Colonial Drive, Unit 159
Orlando, Florida 32803

/s Christopher A. Walker
Christopher A. Walker, Esq.