**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TIM FOOTE

    Plaintiff,                                             Case No. 18-cv-00073-PBG-TBS

vs.

TRANS UNION LLC
CONTINENTAL SERVICE GROUP, INC., d/b/a
CONSERVE

    Defendants.
_____/

**DEFENDANT CONTINENTAL SERVICE GROUP, INC. D/B/A CONSERVE'S**
**MOTION TO STAY DISCOVERY**

Defendant Continental Service Group, Inc., d/b/a ConServe ("ConServe"), by its undersigned counsel, pursuant to Fed. R. Civ. P. 26(c), hereby moves to stay discovery pending the outcome of ConServe's Motion to Dismiss the Complaint. (Dkt. 18).

**PRELIMINARY STATEMENT**

On January 16, 2018, Plaintiff filed a Complaint alleging that ConServe and Trans Union, LLC violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (Dkt 1). Thereafter, Plaintiff settled this matter with Trans Union, LLC, leaving ConServe as the only remaining Defendant. (Dkt. 26). On March 19, 2018, ConServe filed a Motion to Dismiss challenging the legal sufficiency of every cause of action asserted against it for failure to state a claim as a matter of law. (Dkt. 18). ConServe's Motion to Dismiss has been fully briefed and is awaiting a decision from the Court.

With discovery in its infancy, ConServe requests that discovery be stayed pending the outcome of its Motion to Dismiss. As stated below, ConServe's Motion to Dismiss raises a

legitimate and meritorious attack of the legal sufficiency of the Complaint, which weighs in favor of a stay. Additionally, if ConServe's Motion to Dismiss is granted, it will dispose of this matter in its entirety. Lastly, because of the posture of discovery, Plaintiff will suffer no prejudice from a temporary stay. Under these circumstances, a temporary stay of discovery pending the outcome of ConServe's Motion to Dismiss is warranted.

## ARGUMENT

District courts have wide discretion to limit the scope of discovery or control its timing to protect a party from annoyance, oppression, or undue burden or expense. Fed R. Civ. P. 26(c); *see also Leslie Condo. Ass'n Inc. v. QBE Ins. Corp.* 2011 WL 2470344, at *14 (S.D. Fla. 2011); *Solar Star Sys., LLC v. Bellsouth Telecommunications, Inc.*, 2011 WL 1226119 (S.D. Fla. 2011). A stay of discovery is appropriate where the movant shows good cause and reasonableness. *See Regions Bank v. Kaplan*, 2014 WL 12810531, at *1 (M.D. Fla. 2014); *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (*citing Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla 1997)); *Bocciolone v. Solowsky*, 2008 WL 2906719, at *2 (S.D. Fla. 2008).

Courts in the Eleventh Circuit have placed a special emphasis on pre-discovery resolution of facial challenges to claims asserted. *See United States v. Choudhry*, 2016 WL 7205970, at *3 (M.D. Fla. 2016); *see also Yerk v. People for the Ethical Treatment of Animals*, 2010 WL 1730754, at *2 (M.D. Fla. 2010) *citing Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)); *Bocciolone*, 2008 WL 2906719, at *2 *citing Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)); *McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006). When deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *See Regions Bank*, 2014 WL 12810531,

at *1 (*citing McCabe*, 233 F.R.D. at 685)). The court, therefore, must take a "preliminary peek" at the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.*

Here, the basis of Defendants' request for a stay is three-fold. First, in the event ConServe's Motion to Dismiss the Complaint is granted, the action will be disposed of in its entirety. Potential dispositive motions filed prior to discovery weigh in favor of issuing a stay. *See Chudasama*, 123 F.3d at 1367 (11th Cir. 1997); *Mid-Continent Cas. Co. v. G.R. Constr. Mgmt., Inc.*, 2017 WL 3394231, at *2 (M.D. Fla. 2017); *Yerk*, 2010 WL 1730754, at *2; *Choudhry*, 2016 WL 7205970, at *3. It is reasonable to stay discovery pending the outcome of the Motion to Dismiss because if it is granted, this action will be disposed of in its entirety.

Second, ConServe's Motion to Dismiss has undoubtedly raised a sufficient challenge to the claims alleged against it in the Complaint. Whether ConServe had a permissible purpose under the FCRA to inquire into Plaintiff's credit and whether Plaintiff has sufficiently alleged facts to state a plausible claim as to whether ConServe has valid and proper certification are purely legal question that should be decided as a matter of law. Notably, the Court in *Little v. Asset Acceptance*, 2013 WL 12080760 (S.D. Fla. 2013) was faced with nearly identical factual circumstances and correctly dismissed the action as a matter of law on the defendant's motion to dismiss. If ConServe's request for a stay is denied, the parties will be forced to expend the time and resources needed engage in burdensome discovery on a matter which is likely to be dismissed. Moreover, even if ConServe's Motion to Dismiss is ultimately denied, resolution of ConServe's Motion to Dismiss will serve to narrow and define the scope of discovery that would be required. *See, e.g., Regions Bank*, 2014 WL 12810531, at *2.

Third, Plaintiff will suffer little to no harm from not engaging in discovery prior to the resolution of ConServe's Motion to Dismiss. A stay is appropriate where discovery has barely

begun and where it can be shown that a plaintiff will not be constrained or prejudiced from entitlement to full discovery. *See Mid-Continent Cas. Co.*, 2017 WL 3394231, at *2. Here, discovery is truly in its infancy – no discovery schedule has been set and the parties have yet to appear for a Rule 16 Conference. Notwithstanding a temporary stay pending the outcome of ConServe's Motion to Dismiss, Plaintiff will have ample time to engage in discovery if indeed it is ultimately needed.

Simply put, it is unnecessary and impractical to proceed with discovery until the Court determines whether Plaintiff has stated a plausible FCRA claim against ConServe.

## CONCLUSION

ConServe respectfully submits that in light of procedural posture of this matter and the arguments articulated in ConServe's Motion to Dismiss, pursuant to Fed. R. Civ. P. 26(c), good cause exists to stay discovery pending the outcome of ConServe's Motion to Dismiss the Complaint.

Dated:         May 14, 2018

                                        Respectfully submitted,

                                        /s Christopher A. Walker
                                        Christopher A. Walker, Esq.
                                        Lippes Mathias Wexler Friedman LLP
                                        *Attorneys for Defendant Continental Service Group, Inc. d/b/a ConServe*
                                        882 U.S. Highway A1AN, Suite 100
                                        Ponte Verde Beach, Florida 32082
                                        P: 904-660-0020
                                        F: 904-660-0029
                                        cwalker@lippes.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 14, 2018, I electronically filed the foregoing Motion via the CM/ECF system, which should then send notification of such filing to all counsel of record. A copy of the Motion was also sent by first class mail to Plaintiff Tim Foote at:

    Tim Foote
    3208-C East Colonial Drive, Unit 159
    Orlando, Florida 32803

                                /s Christopher A. Walker
                                Christopher A. Walker, Esq.

## **CERTIFICATE OF GOOD FAITH**

I hereby certify that on May 11, 2018, my office made reasonable efforts to confer with all parties who may be affected by the relief sought in the motion, including email correspondence with the Plaintiff where consent to stay discovery was requested and denied.

/s Christopher A. Walker
Christopher A. Walker, Esq.