UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIM FOOTE,

    Plaintiff,

v.                                                     Case No: 6:18-cv-73-Orl-40TBS

CONTINENTAL SERVICE GROUP,

    Defendant.

## ORDER

Pending before the Court is Defendant Continental Service Group, Inc. D/B/A ConServe's Motion to Stay Discovery (Doc. 33).

Plaintiff's complaint alleges that Defendant and Trans Union, LLC violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (Doc. 1). Plaintiff has settled his dispute with Trans Union, LLC (Doc. 28).

On March 19, 2018, Defendant filed a motion to dismiss all claims against it for failure to state a claim as a matter of law (Doc. 18). The motion remains pending. Now, Defendant requests that discovery be stayed pending the Court's decision on its motion arguing that: (1) the motion to dismiss raises a legitimate and meritorious attack on the legal sufficiency of the complaint; (2) if granted, the motion disposes of the entire case; and (3) Plaintiff will not be prejudiced by the stay. Although the motion reflects that Plaintiff opposes the relief, no response has been filed and the time for doing so has expired.

District courts enjoy the discretion to stay discovery during the pendency of a motion that may dispose of the case. But, "there is no general rule that discovery be

stayed while a pending motion to dismiss is resolved." Reilly v. Amy's Kitchen, Inc., No. 13-21525-CIV, 2013 U.S. Dist. LEXIS 108492, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013). The judges of this federal court have advised litigants that "the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion." Middle District Discovery (2015) at 5. "Such motions for stay are rarely granted." Id. They are disfavored because they tend to delay resolution of cases. Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988). The party seeking a stay has the burden of showing good cause and reasonableness. Id.; see also Holsapple v. Strong Indus., Case No. 2:12-cv-355-UA-SPC, 2012 U.S. Dist. LEXIS 128009, at *2 (M.D. Fla. Sept. 10, 2012); S.D. v. St. Johns Cnty. Sch. Dist., Case No. 3:09-cv-250-J-20TEM, 2009 U.S. Dist. LEXIS 97835, at * 4-5 (M.D. Fla. Oct. 1, 2009); Fetchick v. Eslinger, No. 6:15-CV-96-ORL-28TBS, 2016 WL 8929252, at *1-2 (M.D. Fla. Jan. 11, 2016).

Although Defendant argues that its motion to dismiss is meritorious and will dispose of the case, this belief is not persuasive. All dispositive motions, if successful, dispose of the case and most counsel would not file a motion they believe to be frivolous. The Court has taken a quick peek at Defendant's motion and is not persuaded that, even if it is granted, the case will not proceed based on amended pleadings. Moreover, Defendant admits that "the parties have yet to appear for a Rule 16 Conference." (Doc. 33 at 4). Assuming this to be true (see Doc. 34), the motion is unnecessary, as "a party may not seek discovery from any source before the meeting." Local Rule 3.05(c)(2)(B).

Now, the motion to stay discovery is **DENIED and Defendant is directed to file a response to Plaintiff's Notice (Doc. 34) within seven (7) days.**

      **DONE** and **ORDERED** in Orlando, Florida on May 30, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties