FILED

IN THE UNITED STATES DISTRICT COURT FOR THE   2018 JUN 4  AM 10: 07
MIDDLE DISTRICT OF FLORIDA,
ORLANDO DIVISION

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | | |
|---|---|---|
| TIM FOOTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CONTINENTAL SERVICE | § | Civil Action No. **6:18-cv-73-ORL-40-TBS** |
| GROUP, INC., d/b/a CONSERVE, | § | |
| | § | |
| | § | Demand for trial by jury |
| Defendant. | § | |

## <u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCUSE THE IN-PERSON SCHEDULING CONFERENCE (DOC. 36)</u>

The Plaintiff respectfully opposes the Defendant ConServe's Motion to Excuse The In-

Person Scheduling Conference (Doc. 36). According to the document Titled "Case

Management Report" found in Document number 2 on the docket, on page 9 of 16, Part I.:

"Lead counsel must meet *in person* and not by telephone absent an order permitting

otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree

on a different location." The Plaintiff can only interpret the rules and instructions from the

Court as written and conduct himself accordingly. The opposing counsel has at its disposal a

professional staff that the Plaintiff will venture to guess is composed of numerous attorneys

including Mr. Little and Mr. Walker, clerical and administrative staff, and paralegals, but as

the Plaintiff stated, this is merely a guess. The Plaintiff, on the other hand, is litigating alone.

Also, it is not yet clear to the Plaintiff if Mr. Walker is the lead attorney for the Defendant or

if Mr. Little is the lead attorney. Who, precisely, is the lead attorney for the Defendant

ConServe? Regardless, the Plaintiff, acting *Pro se*, would be at a serious disadvantage

meeting only over the telephone for such a conference as he would be denied the opportunity

to meet with opposing counsel, face-to-face, in order to more thoroughly assess the issues

raised and more efficiently resolve any disputes as they manifest, while at the same time have

the opportunity to analyze visual cues and facial expressions because a good portion of

human communication is non-oral. The Plaintiff would also be at a disadvantage given the

fact that this would be his first 26(f) conference. Mr. Walker also indicates in his affidavit, in

paragraph 4[5] that: "Mr. Foote's position is concerning to me … ." What exactly is

"concerning" to Mr. Walker? If Mr. Walker or Mr. Little have a "concern" regarding the

meeting place then perhaps they should suggest another neutral location or perhaps articulate

other pre-conditions for the meeting; however, defense counsel have made no such

suggestions in any communications that have been received by the Plaintiff from the

Defendant to date. If defense counsel has any other **specific** concerns, then what are they? If

the Plaintiff is not made aware of the Defendant's specific concerns, then how can the

Plaintiff address those "concerns?" The Plaintiff can only presume that the Federal Rules of

Civil Procedure, the Local Rules, and the Court's instructions are to be followed regardless

of the pendency of any undecided motions as discussed in the Plaintiff's notice to the Court

of Defendant's Failure to Comply with Local Rule 3.05(c)(2)(B) (Doc. 34). Also, as the

Plaintiff stated in the email (Defendant's Exhibit A), which was quite clear, the Plaintiff will

meet at a neutral location geographically half-way between Orlando metro and Jacksonville

metro. Is this an unreasonable request? The Plaintiff did not demand that defense counsel

travel to Orlando. The Plaintiff asks the Court to *sua sponte* consider conducting an oral

hearing on the matter. Regardless, the Plaintiff respectfully asks the Court to deny the

Defendant's Motion to Excuse the In-person Scheduling Conference.

Date: June 4, 2018

By: Tim : Foote, without prejudice

TIM FOOTE, Plaintiff, *Pro se*
3208-C East Colonial Drive; Unit 159;
Orlando, Florida, 32803
Telephone: 407-633-9297;
Email: non-assumpsit@safe-mail.net

## CERTIFICATE OF SERVICE

I hereby certify that the document **PLAINTIFF'S OPPOSITION TO DEFENDANT'S**

**MOTION TO EXCUSE THE IN-PERSON SCHEDULING CONFERENCE (DOC. 36)**

was filed today with the Clerk of Court, and a copy will be conveyed by first-class mail on

the service list enumerated below by no later than June 4, 2018.


1. Christopher A. Walker, Esq.
Lippes Mathias Wexler Friedman LLP
*Attorneys for Defendant Continental Service Group, Inc., d/b/a ConServe*
882 U.S. Highway A1AN, Suite 100
Ponte Verde Beach, Florida 32082

Date: June 4, 2018

By: Tim: Foote, without prejudice

TIM FOOTE, Plaintiff, *Pro se*
3208-C East Colonial Drive; Unit 159;
Orlando, Florida, 32803
Telephone: 407-633-9297
Email: non-assumpsit@safe-mail.net