# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

TIM FOOTE,

    Plaintiff,

v.                                                        Case No: 6:18-cv-73-Orl-40TBS

CONTINENTAL SERVICE GROUP,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court without oral argument on Defendant Continental Service Group, Inc.'s Motion to Dismiss (Doc. 18), filed March 19, 2018. Plaintiff responded in opposition on March 29, 2018 (Doc. 22), and Defendant filed a Reply on April 16, 2018 (Doc. 25). With briefing complete, the matter is ripe. Upon consideration, Defendant's motion is due to be denied.

**I.    BACKGROUND**[1]

This action springs from Defendant Continental Service Group's ("**ConServe**") inquiries into Plaintiff Tim Foote's credit report. After receiving his credit report from Trans Union LLC ("**Trans Union**")—a credit reporting agency—on August 14, 2017, Plaintiff discovered an "Account Review Inquiry" on his credit report by Defendant ConServe. (Doc. 1, ¶ 17). At the time, Plaintiff knew nothing about, and had no prior communications with, ConServe. (*Id.* ¶¶ 17–19).

---

[1] This account of the facts is taken from the Complaint (Doc. 1). The Court accepts these factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

On August 25, 2017, Plaintiff sent ConServe an "initial notice of formal dispute letter." (*Id.* ¶ 24). On September 1, 2017, Plaintiff received ConServe's reply letter, which identified (i) "Deutsche Bank/Peaks LN" as the original creditor, and (ii) "ConServe-Dept of Education" as the requesting party. (*Id.* ¶ 26). Plaintiff exchanged several additional communications with ConServe and Trans Union, culminating with letters from Plaintiff entitled "NOTICE OF PENDING LAWSUIT, NOTICE OF OPPORTUNITY TO CURE," sent to both entities on November 20, 2017. (*Id.* ¶¶ 27–35). Plaintiff received a reply letter dated December 7, 2017, from ConServe identifying itself as a debt collection agency and identifying two of Plaintiff's alleged creditors (U.S. Department of Education (ED) and Deutsche Bank/Peaks LN). (*Id.* ¶ 36, Doc. 18-1, p. 3).[2]

Thereafter, Plaintiff initiated this action against Trans Union and ConServe on January 16, 2018. (Doc. 1). Plaintiff and Trans Union settled their dispute and Plaintiff's claims against Trans Union were dismissed on April 20, 2018. (Doc. 28). Plaintiff's claims against ConServe—for violations of the Fair Credit Reporting Act ("**FCRA**"), 15 U.S.C. § 1681 *et seq.*—remain. ConServe moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[2] District courts may consider documents attached to a defendant's motion to dismiss if the document is (1) central to the plaintiff's claim, and (2) undisputed. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("[I]f the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement . . . ."). The Complaint specifically describes its communications with ConServe, which are central to its claims. Therefore, the Court may consider the December 7, 2017, letter (Doc. 18-1) without converting the pending motion to dismiss into a motion for summary judgment.

## II.     STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8(a), 10(b). Thus, to survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. Moreover, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts must also view the complaint in the light most favorable to the plaintiff and resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam). In sum, courts must (1) ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; (2) accept well-pled factual allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

The FCRA prohibits third parties from using or obtaining a consumer credit report unless: "(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification." 15 U.S.C. § 1681b(f). Plaintiff alleges that Defendant violated both subsections of § 1681b(f) when it accessed Plaintiff's consumer credit report. (Doc. 1).

### A. Violation of 15 U.S.C. § 1681b(f)(1)

Plaintiff brings a cause of action[3] against ConServe accessing his consumer credit information without consent and without a § 1681b permissible purpose, in violation of the FCRA. (*Id.* ¶¶ 43–46). Defendant moves to dismiss this claim, asserting that it had a permissible purpose—as a debt collector—to access Plaintiff's credit information. (Doc. 18). Because Defendant fails to establish it acted with a permissible purpose, its motion to dismiss Plaintiff's § 1681b(f)(1) claims is due to be denied.

To state a claim for violation of the FCRA in connection with the misuse or acquisition of a consumer report, a plaintiff must adequately allege: "(i) that there was a consumer report, (ii) that defendants used or obtained it, (iii) that they did so without a permissible statutory purpose, and (iv) that they acted with the specified culpable mental state." *Little v. Asset Acceptance, LLC*, Case No. 12-81116-CIV, 2013 WL 12080760, at *3 (S.D. Fla. Apr. 9, 2013).

---

[3] The FCRA vests consumers with private rights of action for willful and negligent violation of § 1681b. *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009).

The FCRA sets forth various purposes for which consumer reports may be lawfully accessed. For instance, a report may be provided in connection with a consumer's credit activity and "involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). Put another way, the FCRA allows a debt collector to access a consumer's credit report to review a creditor's account to collect a debt. *Farrell v. Hanna*, Case No. 6:14–cv–81–Orl–18KRS, 2014 WL 12616977, at *2 (M.D. Fla. Aug. 22, 2014). To establish a claim for willful or negligent misuse or acquisition of a consumer report, a plaintiff must establish that the defendant acted without a permissible purpose or a "reasonable belief" that a permissible purpose existed. *Id.* ("[S]o long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA." (quoting *Korotki v. Attorney Servs. Corp.*, 931 F. Supp. 1269, 1276 (D. Md. 1996))). Accordingly, an entity with a reasonable belief that it has a permissible purpose to acquire a consumer credit report does not violate the FCRA.

At this stage, it is far from clear that ConServe reasonably believed that it was authorized to obtain Plaintiff's consumer credit report for debt collection purposes. The Complaint contains no such allegation, and the only document adduced by Defendant[4] identifies ConServe as a debt collector without identifying the alleged debt with any meaningful particularity. There is little for the Court to go on to divine ConServe's purpose for obtaining Plaintiff's consumer report—undoubtedly less than the court in *Little* had at

---

[4] As noted above, the Court is at liberty to consider the December 7, 2017, letter located at Doc. 18-1. *See supra* note 2.

its disposal.[5] Because of the scant evidence of a permissible purpose for ConServe's acquisition of Plaintiff's consumer report, Defendant's motion to dismiss must be denied.

### B. Violation of 15 U.S.C. § 1681b(f)(2)

At this stage, Defendant's motion to dismiss Plaintiff's claims for violation of 15 U.S.C. § 1681b(f)(2) is also due to be denied. Reading the Complaint in the light most favorable to Plaintiff and resolving all doubts in Plaintiff's favor, the Complaint states plausible § 1681b(f)(2) claims.

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendant ConServe's Motion to Dismiss (Doc. 18) is **DENIED**. Defendant ConServe shall answer the Complaint on or before July 2, 2018.

---

[5] In *Little*, the court reviewed four letters—two from the plaintiff and two from the defendant—attached to the Complaint in adjudicating the dismissal motion. 2013 WL 12080760, at *1. The letters from the defendant, a debt collector, disclosed that the defendant "purchased a delinquent CitiBank account, which [the d]efendant apparently believed was owned by [the p]laintiff." *Id.* A subsequent letter identified the date on which the defendant purchased the debt obligation, and the alleged debtor by name and social security number. *Id.* In view of the letters, the court found that the defendant had reason to believe it had a permissible purpose (debt collection) to obtain the plaintiff's credit report. *Id.* at *4.

Here, the Court is presented with a single letter from ConServe to Plaintiff which identifies the sender as a debt collector. (Doc. 18-1). That identification is about all the clarity the letter provides. It goes on to apologize to Plaintiff for his "concerns," and states that Plaintiff "received the wrong enclosures in" an earlier letter ConServe dispatched in response to Plaintiff's initial inquiry. (*Id.*). Indeed, the letter does not clearly identify the creditor to which Plaintiff owes a debt. The subject line identifies "U.S. Department of Education (ED)" as "Creditor," but the body of the letter notes that Plaintiff received an earlier letter indicating the creditor was "DEUTSCHE BANK/PEAKS LN." (*Id.*). Accordingly, the materials presently before the Court are far more ambiguous than those in *Little*, foreclosing dismissal at this stage.

**DONE AND ORDERED** in Orlando, Florida on June 16, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties